IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,      §
                               §
                 Plaintiff,    §
                               §   Criminal No. 3:08-CR-119-D(02)
VS.                            §
                               §
TERESA CASTILLO,               §
                               §
                 Defendant.    §

MEMORANDUM OPINION
AND ORDER

Defendant Teresa Castillo ("Castillo") moves the court to compel the United States of America (the "government") to disclose confidential informants, for a bill of particulars, and to suppress the fruits of a search. Castillo filed the motions on March 19, 2009, well after the court-ordered motion deadline and 11 days before the commencement of trial. The court therefore denies two motions as untimely and, in its discretion, reaches the motion to suppress and denies it on the merits.

I

Castillo is charged by indictment with one count of conspiracy to possess with intent to distribute and distribute more than five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846.[1]   In the court's May 16, 2008 criminal trial scheduling order, it set the pretrial motion deadline for June 16,

---

[1] The indictment also contains a criminal forfeiture allegation.

2008.   In  a  July  28,  2008  trial  continuance  order,  the  court
continued  the  pretrial  motion  deadline  to  August  18,  2008.
Castillo  filed  the  instant  motions  on  March  19,  2009——more  than
seven  months  after  the  pretrial  motion  deadline  and  within  two
weeks  of  the  commencement  of  trial.[2]   The  court  denies  the  motions
to  disclose  confidential  informants  and  for  a  bill  of  particulars
as  untimely.

II

Castillo  also  moves  to  suppress  the  fruits  of  a  search
conducted  at  879  Liska  Road,  Ennis,  Texas,  on  March  23,  2006.   She
maintains  that  the  search  warrant  was  signed  but  undated  by  the
issuing  magistrate  judge.   The  court  in  its  discretion  will  decide
this  motion,  despite  its  untimeliness.

Under  Tex.  Code  Crim.  Proc.  Ann.  Art.  18.04  (Vernon  2005),  a
sufficient  search  warrant  must,  *inter  alia*,  be  "dated  and  signed  by
the  magistrate."   Because  the  search  warrant  did  not  satisfy  this

---

[2]In  response  to  the  parties'  unopposed  motions  for
continuance,  the  court  reset  the  trial  date  two  more  times  after
its  July  28,  2008  continuance  order,  first  to  January  20,  2009  and
then  to  March  30,  2009.   In  both  orders,  after  resetting  the  trial
date,  the  court  stated  that  "[p]retrial  *filings*  based  on  the
current  trial  setting  are  now  due  based  on  the  new  trial  setting."
Sept.  29,  2008  Order  (emphasis  added);  Jan.  12,  2009  Order
(emphasis  added).   The  term  "pretrial  filings,"  however,  refers  to
such  matters  as  witness  lists,  exhibit  lists,  and  the  like  that
must  be  filed  before  trial,  not  to  pretrial  motions.   Under  the
briefing  regimen  provided  by  the  court's  local  criminal  rules,  it
would  not  be  possible  to  allow  a  party  to  file  pretrial  motions  so
close  to  trial  because,  even  assuming  the  response  was  due  before
trial,  there  would  be  little  or  no  time  to  decide  the  motion  and
allow  time  for  compliance  before  the  start  of  trial.

requirement,[3] Castillo maintains that the warrant is invalid and the items seized by the Ellis County Sheriff's Department must be suppressed.

Castillo's argument is flawed in two respects: First, "[t]he exclusionary rule was created to discourage violations of the Fourth Amendment, not violations of state law." *United States v. Walker*, 960 F.2d 409, 415 (5th Cir. 1992) (citing cases).  Hence, the proper inquiry in determining whether to exclude evidence is not whether state officials' actions were valid under state law, but rather whether their actions violated the Fourth Amendment. *Id.* Castillo has failed to establish that this defect violated the Fourth Amendment.

Second, even if the court assumes that the undated search warrant was constitutionally defective (as opposed to being merely insufficient under Texas law), the "Fourth Amendment's exclusionary rule does not bar the admission of evidence obtained with a warrant later found to be invalid so long as the executing officers acted in reasonable reliance on the warrant." *United States v. Kelley*, 140 F.3d 596, 602 (5th Cir. 1998) (citing *United States v. Leon*, 468 U.S. 897, 906-08 (1984)).

---

[3]The government contends that the search warrant was both signed and dated by the magistrate.  Because suppression is not warranted even if the search warrant was undated, the court will assume *arguendo* that the warrant was undated.

> Generally, issuance of a warrant by a magistrate suffices to establish good faith on the part of law enforcement officers who conduct a search pursuant to the warrant. However, the [Supreme] Court in *Leon* made clear that an officer's reliance on the technical sufficiency of the warrant not only must be made in good faith, but also must be objectively reasonable. The *Leon* Court noted that in some circumstances the officer will have no reasonable grounds for believing that a warrant is valid——e.g., when the warrant is facially deficient in particularizing the place to be searched or the things to be seized.

*Id.* at 604 (internal quotation marks and citations omitted). Therefore, even if the court assumes that an undated warrant is invalid under the Fourth Amendment, suppression would only be required if the undated warrant was so facially deficient that the officers could not have relied on it in an objectively reasonable way.

In *United States v. Kelley*, 140 F.3d 596 (5th Cir. 1998), the Fifth Circuit considered whether an undated *and unsigned* warrant was so facially deficient that the officers could not have relied on it in an objectively reasonable way. Although the warrant in *Kelley* was "technically insufficient, *i.e.,* one without a signature or a date," it was undisputed that probable cause existed. *Id.* at 602 n.5. Under these circumstances, the Fifth Circuit found "that the meaning behind the function of dating and signing the warrant was not lost." *Id.* at 603. "Because the objective criteria for the search warrant——probable cause——existed and the warrant was

- 4 -

flawed only due to the inadvertence of the magistrate, [the Fifth Circuit held] that the good-faith exception to the exclusionary rule applie[d]." *Id.* The Fifth Circuit in *Kelley* also rejected the argument for a *per se* rule that an unsigned and undated warrant can never suffice, and that any evidence seized under such a warrant must be suppressed:

> First, penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations. The rare occasion when a magistrate accidentally fails to sign a warrant cannot be eliminated by suppressing the evidence in that situation. Second, it is unlikely that police will willfully and recklessly attempt to evade getting a warrant signed. Third, suppressing the evidence seized in the case will add nothing to protect against an affiant who misrepresents the facts to the magistrate, nor will it encourage officers to take their chances in submitting deliberately or recklessly false information.

*Id.* (quoting *United States v. Richardson*, 943 F.2d 547, 550 (5th Cir. 1991) (internal quotation marks, brackets, and citations omitted).

Because here, as in *Kelley*, the search warrant's only flaw (the failure to fill in the day of March 2006 on which the magistrate signed the warrant) was due to the inadvertence of the magistrate, Castillo does not dispute that probable cause existed, and suppression in these circumstances would not serve a deterrent purpose, the court holds that the warrant was not so facially deficient that the officers could not have relied on it in an

- 5 -

objectively reasonable way.

Accordingly, the good-faith exception to the exclusionary rule applies, and Castillo's motion to suppress must be denied.

*       *       *

For the reasons stated, Castillo's March 19, 2009 motion to disclose confidential informants, motion for a bill of particulars, and motion to suppress are denied.

**SO ORDERED.**

March 23, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE